**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0378-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

AFAMEFUNA NWANDU, a/k/a
AFAMEFUNA N. NWANDU,
AFAM NWANDU, AFAM
NWANDO, FAMY, and
AFAM NEWANDU,

     Defendant-Appellant.

_____

Submitted February 28, 2022 – Decided March 8, 2022

Before Judges Fasciale and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment Nos. 19-07-0609, 19-07-0610, and 19-07-0647.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian P. Keenan, Assistant Deputy Public Defender, of counsel and on the brief).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Paula Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

After pleading guilty, defendant appeals from his convictions for third-degree failure to pay state taxes, N.J.S.A. 54:52-9(a); fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); and disorderly persons hindering apprehension, N.J.S.A. 2C:29-3(b)(4). He argues primarily that the judge erred by denying his appeal from the prosecutor's rejection of his admission into the pre-trial intervention (PTI) program.[1] The judge determined that the prosecutor's decision rejecting his PTI application was not a patent and gross abuse of discretion. We agree and affirm.

In January 2019, police officers responded to reports of shoplifting at a Walmart store. When they arrived at Walmart, the police observed defendant exiting from the store carrying two vacuum cleaners. Defendant indicated that he was trying to return a vacuum, but surveillance video showed defendant

---

[1] Defendant's Notice of Appeal identified the judge's order of June 24, 2020, which upheld the prosecutor's rejection of defendant's PTI application. He mentions an order, presumably dated June 23, 2020, which denied a motion to withdraw his guilty plea. His argument on appeal, however, relates solely to the denial of his PTI application, for which he urges this court to remand for reconsideration.

entering the store without any vacuums. The video contradicted his statement; defendant did not pay for the merchandise.

Three months later, police responded to a Target store on another report of shoplifting. The officer spotted defendant, who fled, leading to a foot chase and his arrest. Surveillance footage again showed defendant exiting the store with stolen merchandise.

In July 2018, the New Jersey Department of Labor contacted the New York Department of Labor, Unemployment Benefits Unit, advising that defendant had overlapping claims for unemployment benefits. This information was given to the Morris County Prosecutor's Office (MCPO), which led to an investigation. The investigation revealed that defendant was falsely filing for unemployment and committing other tax fraud.

In July 2019, the MCPO charged defendant with fourth-degree shoplifting, N.J.S.A. 2C:20-11(b)(1). That same day, but in a different indictment, MCPO charged defendant with third-degree and fourth-degree shoplifting, N.J.S.A. 2C:20-11(b)(1); fourth-degree obstructing the administration of law, N.J.S.A. 2C:29-1; and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2). That month, MCPO also charged defendant with two counts of third-degree theft, N.J.S.A. 2C:20-3(a); two counts of fourth-degree

 A-0378-20

forgery, N.J.S.A. 2C:21-1(a)(2)-(3); third-degree failure to pay state taxes, N.J.S.A. 54:52-9; three counts of third-degree filing a fraudulent tax return, N.J.S.A. 54:52-10; and third-degree preparation of fraudulent records, N.J.S.A. 54:52-11.

In May 2019, defendant applied for PTI, which the PTI director rejected. On September 2, 2019, the prosecutor rejected defendant's application for admission into the PTI program. Defendant then entered his guilty pleas. Thereafter, he appealed to the judge arguing that the prosecutor erroneously rejected his PTI application. The judge entered the order under review and later sentenced defendant to three concurrent two-year terms of probation, restitution of $17,678 to the Department of Labor, restitution of $4,559 plus penalties and interest to the Department of Treasury, restitution of $649.97 to Target, and all the mandatory fees and penalties.

On appeal, defendant raises the following point for this court's consideration:

> [POINT I]
>
> THE MOTION [JUDGE] ERRED IN DETERMINING THAT THE PROSECUTOR'S REJECTION OF DEFENDANT'S ADMISSION INTO THE [PTI] PROGRAM[—]BASED ON A FAILURE TO CONSIDER RELEVANT FACTORS, AND ON THE IMPROPER CONSIDERATION OF PRIOR ARRESTS AND A STALE JUVENILE

4

ADJUDICATION[—]WAS NOT AN ABUSE OF DISCRETION.

"[T]he decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). Eligibility for PTI is based primarily on "the applicant's amenability to correction, responsiveness to rehabilitation[,] and the nature of the offense." N.J.S.A. 2C:43-12(b)(1). Admission into PTI "requires a positive recommendation from the PTI director and the consent of the prosecutor." State v. Negran, 178 N.J. 73, 80 (2003). This determination is "'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." State v. Nwobu, 139 N.J. 236, 255 (1995) (quoting State v. Sutton, 80 N.J. 110, 119 (1979)). This determination must consider the factors set forth in N.J.S.A. 2C:43-12(e). Roseman, 221 N.J. at 621.

Our scope of review of PTI determinations is "severely limited." Negran, 178 N.J. at 82. The "close relationship of the PTI program to the prosecutor's charging authority" that provides "prosecutors wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial" necessitates an "'enhanced' or 'extra'" deferential review of those decisions. Ibid. (quoting State v. Baynes, 148 N.J. 434, 443-44 (1997)). Our review "serves to

5

check only the 'most egregious examples of injustice and unfairness.'" Ibid. (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)).

We may overturn a denial of PTI if the defendant "establish[es] that the prosecutor's decision was a patent and gross abuse of discretion." R. 3:28-6(b)(1); State v. Johnson, 238 N.J. 119, 128-29 (2019). Such abuse of discretion may arise where the denial of PTI "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in [judgment]" and the denial of PTI "clearly subvert[s] the goals underlying [PTI]." Johnson, 238 N.J. at 129 (quoting Roseman, 221 N.J. at 625). At bottom, "[t]he question is not whether [the judge] agree[s] or disagree[s] with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, 139 N.J. at 254. There is no such error here.

The prosecutor properly considered the factors provided in N.J.S.A. 2C:43-12(e) in rejecting defendant's PTI application. The prosecutor considered the nature of the offenses, the facts of the case, the needs and interests of the victim and society, the extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior, the applicant's criminal record and

the extent to which he may present a substantial danger to others, whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution, and whether the harm outweighs the benefits to society. N.J.S.A. 2C:43-12(e)(1), (2), (7), (8), (9), (14), (17). The prosecutor considered defendant's prior juvenile and adult history of theft. The prosecutor discerned that defendant's crimes constitute a pattern of anti-social behavior. The prosecutor also considered that allowing defendant's entry into PTI would encourage defendant and others to engage in criminal behavior, hence the need to deter this type of criminal activity.

In the letter rejecting defendant's application for PTI, the PTI director identified Guideline 3(e) from the now-deleted Guidelines and Official Comments to Rule 3:28. The Guidelines and Official Comments were deleted but portions of the text were incorporated into Rules 3:28-1 to -10 effective July 1, 2018. See Johnson, 238 N.J. at 128 (noting that although the Guidelines were deleted, "many of [the Guidelines'] prescriptions—with significant variation— are [now] contained in Rules 3:28-1 to -10"). Therefore, the PTI director considering a now-eliminated guideline, Guideline 3(e), does not taint the rejection of his PTI application because both the prosecutor and trial judge considered the factors enumerated in N.J.S.A. 2C:43-12(e) and concluded the

aggravating factors outweighed the mitigating factors. See also Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:28-6 (2022) ("[W]hen a prosecutor's denial of PTI might have been inconsistent with one PTI Guideline, an appellate court nonetheless may uphold the prosecutor's decision if based on other, appropriate considerations." (citing State v. Randall, 414 N.J. Super. 414, 420 (App. Div. 2010))).

The prosecutor also considered defendant's juvenile and adult criminal history—which defendant asserts, as per State v. K.S., 220 N.J. 190 (2015), was improper. In K.S., our Court concluded that the "[u]se of prior dismissed charges alone as evidence of a history of and propensity for violence or a pattern of anti-social behavior, where [the] defendant's culpability or other facts germane to admission into [PTI] have not been established in some way, constitutes an impermissible inference of guilt." Id. at 202. However, a prosecutor must consider whether "the applicant's crime constitutes part of a continuing pattern of anti-social behavior," N.J.S.A. 2C:43-12(e)(8), and "[t]he applicant's record of criminal and penal violations," N.J.S.A. 2C:43-12(e)(9). The prosecutor clearly considered the prior arrests—juvenile and adult—in connection with a larger potential pattern of anti-social behavior. Accordingly, neither the PTI director nor the State placed undue weight on defendant's

criminal history because they did not solely rely on the prior dismissed charges. As a result, as the judge correctly concluded, the prosecutor's determinations were not arbitrary and capricious and do not amount to a patent or gross abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0378-20