**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3726-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARMEN FLORES,

    Defendant-Appellant.

_____

> Submitted September 14, 2022 – Decided September 27, 2022
>
> Before Judges Accurso and Vernoia.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 05-04-0009.
>
> Joseph S. Scura, attorney for appellant.
>
> Matthew J. Platkin, Acting Attorney General, attorney for respondent (Boris Moczula, Deputy Attorney General, of counsel and on the brief.)

PER CURIAM

Following her 2005 indictment for arson, theft, and conspiracy to commit arson and theft, defendant Carmen Flores pleaded guilty to the conspiracy

charge. Pursuant to the plea agreement, the State agreed to withdraw its objection to defendant's application for admission into the pretrial intervention program (PTI) and recommend a non-custodial probationary sentence if defendant's PTI application was denied. Defendant was accepted into PTI and successfully completed the program in 2007, at which time all charges against her were dismissed. In 2021, defendant moved to withdraw her guilty plea.

Defendant appeals from an order denying her motion, claiming the plea was not supported by an adequate factual basis as required under R. 3:9-2 and the court erred in its application of the standard for considering a plea withdrawal motion under State v. Slater, 198 N.J. 145, 157-58 (2009). Unpersuaded by defendant's arguments, we affirm.

I.

Defendant's plea withdrawal motion is supported solely by the transcript of her plea proceeding and her certification detailing the claims upon which her motion is based. In her certification, defendant explained she sought to withdraw her plea but she did not seek to vacate her successful completion of the PTI program and resulting dismissal of all the charges.

Defendant further asserted that when she entered her plea she "believed" she committed the offense – conspiracy to commit arson and theft – but "upon

reflection . . . [she] did not fully understand the legal definition of [c]onspiracy." Defendant stated that after learning the definition of conspiracy, she "realized," she did not engage in a criminal conspiracy. Defendant also claimed she "did not provide an adequate factual basis for the crime of [c]onspiracy to [c]ommit [a]rson" and she was "unaware [the] guilty plea could result in collateral consequences, even after [the] charges were dismissed." Defendant requested an order permitting withdrawal of her plea "while leaving [the] successful completion of [PTI] and resulting [d]ismissal in place."

In a detailed written decision, the court denied defendant's motion, finding there was an adequate factual basis for defendant's plea to the conspiracy charge. The court determined defendant provided an adequate factual basis for the guilty plea to conspiracy to commit arson "and/or" theft. The court noted that during the plea proceeding defendant admitted she agreed with her brother he would illegally dispose of a vehicle because she could no longer afford the payments on it, and, after learning her brother and another individual disposed of the vehicle by setting it on fire, she reported it stolen.

The court also found it appropriate to apply the post-sentence "manifest injustice" standard for plea withdrawals under Rule 3:21-1 because, although defendant was never sentenced, her motion was filed long after the charges were

dismissed in 2007. The court found the manifest injustice standard applied because "the guilty plea will disturb the finality [of the] events which occurred over a decade and a half ago."

The court also considered defendant's motion under the four-factor analytical paradigm established in Slater, 198 N.J. at 157-58. As correctly detailed by the motion court, under Slater the proper determination of a plea withdrawal motion requires consideration and balancing of the following four factors: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Id. at 157-58.

The court found defendant failed to present evidence establishing that the four factors weighed in favor of a plea withdrawal. More particularly, the court found defendant did not satisfy the first factor because she did not offer a colorable claim of innocence. See id. at 157. The court also determined defendant did not offer any fair and just reasons supporting a plea withdrawal under Slater's second factor.[1] See id. at 157-58.

---

[1] In State v. Randall, we determined the State may not condition admission into PTI on a defendant's entry of a guilty plea. 414 N.J. Super. 414, 421 (App. Div.

The court further found defendant's plea was made pursuant to a plea bargain and thus the third Slater factor weighed against granting defendant's motion. See id. at 160. As to the fourth factor – whether granting the plea withdrawal would result in prejudice to the State – the court found the State was not required to establish prejudice because defendant did not establish the first three factors. See id. at 162 (explaining a showing of prejudice is not required "if a defendant fails to offer proof of other factors in support of the withdrawal of the plea."). In any event, the court found the State would be unfairly prejudiced by a plea withdrawal because sixteen years had passed since defendant was first charged and the State would be compelled to rely on the memories of witnesses that may or may not be available and police records that may no longer exist.

---

2010). There is no evidence that occurred here. The record shows defendant's plea agreement contemplated the possible rejection of defendant's PTI application by providing the State would recommend defendant receive a probationary sentence if the PTI application was denied. Unlike in Randall, there is no evidence the State conditioned defendant's admission into PTI on entry of a guilty plea, the State did not commit to admitting defendant into PTI in exchange for the plea, and defendant's plea agreement provided for the State's recommendation of an alternate sentence in the event defendant was not admitted into PTI. In addition, defendant makes no argument on appeal based on Randall, which was decided three years after entry of the plea. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

A-3726-20

The court concluded defendant failed to satisfy any of the <u>Slater</u> factors and made no showing it would be a manifest injustice to deny the plea withdrawal motion. The court further found "it would be contrary to the interests of justice to allow [d]efendant to withdraw her plea [sixteen] years after its entry." The court entered an order denying defendant's motion. This appeal followed.

On appeal, defendant presents the following arguments:

> POINT I
>
> THE TRIAL COURT ERR[]ED AS THERE WAS AN INADEQUATE FACTUAL BASIS PROVIDED AS REQUIRED BY <u>R.</u> 3:9-2.
>
> POINT II
>
> THE TRIAL COURT ERRED AS THE APPELLANT'S MATTER SH[OU]LD HAVE BEEN VACATED PU[R]SUANT TO <u>R.</u> 3:9-3(e) and <u>State v. Slater</u>[.]

II.

Defendant argues the court erred by denying her plea withdrawal motion because it was not supported by an adequate factual basis. More particularly, defendant claims that although she entered a plea of guilty to conspiracy to commit arson and theft, the factual basis she offered in support of the plea was inadequate to establish she committed the crime of conspiracy to commit arson.

6

To properly accept a guilty plea, a court must be satisfied "the defendant has articulated a factual basis for each element of the offense to which he [or she] pleads guilty." State v. Campfield, 213 N.J. 218, 232 (2013); see also R. 3:9-2 ("The court . . . shall not accept [a plea of guilty] without . . . determining . . . there is a factual basis for the plea"). "Simply put, a defendant must acknowledge facts that constitute the essential elements of the crime." State v. Gregory, 220 N.J. 413, 420 (2015). The trial court's inquiry during a plea colloquy need not follow a "'prescribed or artificial ritual[,]'" Campfield, 213 N.J. at 231, and "the defendant's admissions 'should be examined in light of all surrounding circumstances and in the context of an entire plea colloquy[,]'" id. at 231-32 (quoting State ex rel. T.M., 166 N.J. 319, 327 (2001)).

Prior to addressing the merits of defendant's claim an adequate factual basis did not support her plea to conspiracy to commit arson, we note her motion sought withdrawal of the plea but without a return to the position she and the State were in prior to entry of the plea. That is, defendant sought the benefit of the plea withdrawal but without the reinstatement of the charges that were dismissed following her entry of the plea and completion of the PTI program.

A-3726-20

The motion court could not properly grant the relief sought in defendant's motion because, even assuming there was an inadequate factual basis for the plea, the available remedy for an inadequate factual basis for a plea is limited to "an order vacating the guilty plea and restoring both parties to their positions prior to the trial court's acceptance of the plea." Id. at 232. Where it is determined "'a plea has been accepted without an adequate factual basis, the plea, judgment of conviction, and the sentence must be vacated, the dismissed charges reinstated, and [the] defendant allowed to re-plead or to proceed to trial.'" Ibid. (quoting State v. Barboza, 115 N.J. 415, 420 (1989)).

Defendant did not seek such relief and instead expressly limited the relief sought in her motion to the withdrawal of her plea without the reinstatement of the charges and return of the parties to their pre-plea positions. Defendant renews the argument on appeal, contending there is no need to return the parties to their pre-plea positions because the charges were dismissed following her guilty plea and completion of PTI. In other words, defendant seeks the benefit of her plea agreement – including the State's withdrawal of its objection to her admission into PTI and the later dismissal of the charges – while depriving the State of whatever benefit it negotiated and received when the plea bargain was struck. Because defendant's motion sought a remedy not authorized for a plea

A-3726-20

withdrawal motion, see id. (explaining the remedy for a plea withdrawal requires reinstatement of dismissed charges); Barboza, 115 N.J. at 420 (explaining "[t]he cornerstone of the plea-bargaining system is the 'mutuality of advantage' it affords to both the defendant and the State"), we affirm the order denying defendant's motion for that reason alone.

We also affirm the court's order because defendant's plea to conspiracy to commit arson and theft is supported by an adequate factual basis. As we have explained, an adequate factual basis supporting a guilty plea required defendant's articulation of "a factual basis for each element of the offense to which he pleads guilty." Campfield, 213 N.J. at 232. She satisfied that requirement here.

Defendant pleaded guilty to count one of the indictment, which charged her and her co-defendants, one of whom is her brother, with purposely promoting and facilitating the commission of the crimes of arson, N.J.S.A. 2C:17-1(b), and theft, N.J.S.A. 2C:20-4, by conspiring and agreeing that one or more of them would purposely engage in conduct that would constitute those crimes and would aid in the planning and commission of the crimes. The indictment further alleged defendants conspired to set a vehicle on fire with the purpose of collecting insurance proceeds in violation of N.J.S.A. 2C:17-1b, and

by purposely obtaining the property of another by deception in violation of N.J.S.A. 2C:20-4.

N.J.S.A. 2C:5-2 defines the elements of the crime of conspiracy under our Criminal Code. See generally State v. Samuels, 189 N.J. 236, 245 (2007) (outlining and interpreting the elements of a conspiracy). In pertinent part, to establish the crime of conspiracy it must be proven: the defendant "agreed with [another] person or persons that they or one or more of them would engage in conduct which constitutes a crime or an attempt or solicitation to commit such crime;" "the defendant's purpose was to promote or facilitate the commission of" the intended crimes; and "the defendant or a person with whom [defendant] conspired did an overt act in furtherance of the conspiracy." Model Jury Charges (Criminal), "Conspiracy (N.J.S.A. 2C:5-2) (rev. Apr. 12, 2010); see also Samuels, 189 N.J. at 245 (listing the elements of a conspiracy under N.J.S.A. 2C:5-2).

"[T]he agreement to commit a specific crime is at the heart of a conspiracy charge." Id. "A conspiracy requires an 'actual agreement [with another] for the commission of the substantive crime.'" State v. Campione, 462 N.J. Super. 466, 493 (App. Div. 2020) (alteration in original) (quoting State v. Kamienski, 254 N.J. Super. 75, 93 (App. Div. 1992)). However, "[b]ecause the conduct and

words of co-conspirators is generally shrouded in silence, furtiveness and secrecy, the conspiracy may be proven circumstantially." Samuels, 189 N.J. at 246 (internal quotation marks omitted). Thus, "[a]n implicit or tacit agreement may be inferred from the facts and circumstances." Kamienski, 254 N.J. Super. at 94; see also United States v. Fullmer, 584 F.3d 132, 160 (3d. Cir. 2009) (citations omitted) (explaining the agreement to commit another crime required to establish a conspiracy can be proven "with circumstantial evidence, 'based on reasonable inferences drawn from actions and statements of the conspirators or from the circumstances surrounding the scheme.'").

Here, the State charged defendant with a conspiracy to commit the crime of arson "by purposely starting a fire . . . whether on [her] property or another's . . . with the purpose of collecting insurance for the destruction or damage to such property." N.J.S.A. 2C:17-1(b)(3). The State also charged defendant with conspiracy to commit the crime of theft by deception by "purposely obtain[ing] property of another by deception." N.J.S.A. 2C:20-4. In part, a person deceives by purposely "[c]reat[ing] or reinforc[ing] a false impression[.]" N.J.S.A. 2C:20-4(a).

Defendant presents a focused argument challenging the adequacy of the factual basis for her guilty plea to conspiracy to commit arson and theft. Her

11

singular claim is her plea colloquy failed to directly establish one of the essential elements of the conspiracy to which she pleaded – an agreement between she and her co-defendant brother to commit the crimes of arson and theft. The argument ignores a plain and reasoned interpretation of her plea testimony.

During the plea proceeding, defendant testified she was responsible for making the payments for a vehicle she controlled but which was purchased in her aunt's name. Defendant admitted she spoke to her brother "regarding financial difficulties [she] was having with respect to" the vehicle, and that she relayed that information to her brother because she was not "able to financially afford the vehicle."

Defendant testified her brother "indicated he'd take care of this problem for her," and she "knew the means and how he'd have the car disposed of in a non-legal manner." She later found the vehicle missing from the location where it had been parked, it had been "burned," and her brother and another co-defendant had "taken part in that act." She further admitted that although she knew her brother and the other co-defendant burned the vehicle, she reported to the police the vehicle was "missing" and she filed a claim with her insurance carrier for a "stolen vehicle." She testified the value of the vehicle was greater than $500.

12

In our view, those admissions establish a factual basis supporting a finding, based on reasonable inferences, that defendant and her brother entered into an implicit or tacit agreement he would address defendant's inability to make the payments on the vehicle by disposing of it illegally – by setting it on fire in violation of N.J.S.A. 2C:17-1(b) – to facilitate defendant's submission of a false claim to her insurance carrier and obtain compensation as a result in violation of N.J.S.A. 2C:20-4. See Kamienski, 254 N.J. Super. at 94 (explaining the agreement required to establish a conspiracy may be tacit or implicit). Defendant's claim her testimony did not establish an agreement her brother would commit arson is undermined by her admission that when she spoke with her brother, she "knew the means and how he'd have the car disposed of in a non-legal manner." The "means" her brother employed to dispose of the vehicle was arson, and defendant testified she "knew" of the "means" he would employ when she first spoke with him. Stated differently, defendant admitted that based on her discussion with her brother, she knew he would resolve her financial difficulties by setting the vehicle on fire.

Moreover, her conduct following the burning of the vehicle is consistent with a determination she and her brother agreed he would set the vehicle on fire for the purpose of assisting her in resolving her financial obligations. Defendant

13

admitted that following the burning of the vehicle, she falsely reported to the insurance carrier the car had been missing and stolen and did so to obtain insurance benefits. Those admissions confirm her and her brother's agreement – conspiracy – at the outset that he would commit the arson of the vehicle to allow her to commit theft of insurance proceeds by deception.

In sum, based on our consideration of defendant's admissions during the plea proceeding, we are satisfied the court correctly determined she offered facts sufficient to support a finding she and her brother purposely entered into an agreement to commit the crimes of arson and theft. We therefore affirm the court's order rejecting defendant's claim she is entitled to withdraw her plea because it was not supported by an adequate factual basis.

Defendant also claims the court erred by considering and weighing the four factors for assessing a plea withdrawal motion under Slater. We review a decision denying a motion to withdraw a guilty plea under Slater for an abuse of discretion. State v. Tate, 220 N.J. 393, 404 (2015). We find defendant's arguments under Slater without sufficient merit to warrant a detailed discussion in a written opinion and affirm substantially for the reason set forth in the motion court's decision. R. 2:11-3(e)(2). We add only the following brief comments.

14

A defendant seeking to withdraw a guilty plea bears the burden of establishing the Slater factors weigh in support of the requested relief. Slater, 198 N.J. at 156. A defendant "must present specific credible facts and, where possible, point to facts in the record that buttress their claim." Id. at 158. Here, defendant's withdrawal motion was supported only by her certification, which offered few facts and no citations to the record supporting her request for relief.

For example, defendant's certification did not provide any facts addressing Slater's first factor – a colorable claim of innocence. Id. at 158-59. Instead, defendant vaguely asserted only that "[u]pon learning the legal definition" of conspiracy," she "realized [she] did not in fact engage in a criminal conspiracy." Defendant's "bald assertion . . . is insufficient to justify withdrawal of a plea." Id. at 158.

Similarly, defendant's certification does not offer any evidence or facts establishing "fair and just reasons" for the requested withdrawal. See id. at 159 (explaining that under Slater's second factor a defendant must "present fair and just reasons for withdrawal, and whether those reasons have any force."). Instead, defendant's proffered reasons for seeking withdrawal of her plea include conclusory assertions she was confused as to the elements of the offense of conspiracy to which she pleaded, she did not provide an adequate factual basis

15

for her plea to conspiracy to commit arson,[2] and she was unaware her plea could result in collateral consequences. The assertions are untethered to any facts or evidence describing her alleged confusion, demonstrating how it allegedly affected her decision to plead guilty, or explaining the purported collateral consequences of which she claims she was unaware. Moreover, as we have explained, her plea to conspiracy to commit arson and theft is supported by an adequate factual basis.

Moreover, because her plea was entered pursuant to a plea agreement, the third <u>Slater</u> factor – "[w]as the plea entered as part of a plea bargain" – although generally not a weighty factor, does not fall in her favor. <u>Id.</u> at 160-61. Finally, under the fourth factor – would allowing the plea withdrawal result in unfair prejudice to the State or unfair advantage to defendant – the State is not required to show prejudice because "defendant fails to offer proof of other factors in support of the withdrawal of a plea." <u>Id.</u> at 162. In any event, we agree with the motion court's determination that the passage of sixteen years between defendant's commission of the crime to which she pleaded and the filing of her

---

[2] Defendant's certification does not assert she failed to provide an adequate basis for her plea to conspiracy to commit theft by deception.

16

plea withdrawal motion will most certainly result in prejudice to the State's ability to prosecute its case.

For those reasons, as well as those explained by the motion court, we find no basis in the record to conclude the court abused its discretion in denying defendant's motion under the required analysis in <u>Slater</u>. <u>See Tate</u>, 220 N.J. at 404 ("In a <u>Slater</u> scenario, the appellate standard of review is abuse of discretion."). We are also convinced defendant failed to demonstrate the requested plea withdrawal is warranted under both the pre-sentencing "interests of justice" standard under <u>Rule</u> 3:9-3(e), and the post-sentencing "manifest injustice" standard under <u>Rule</u> 3:21-1.[3] <u>See Slater</u>, 198 N.J. at 156-57 ("In meeting their burden, defendants must show more than a change of heart.").

Any arguments presented by defendant we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

---

[3] It is therefore unnecessary to determine the appropriate standard to be applied where, as here, defendant's plea withdrawal motion is from a plea entered prior to the submission of an application for PTI, the later dismissal of all charges, and without the imposition of a sentence as contemplated by <u>Rule</u> 3:21-1. We note the motion court applied the post-sentencing "manifest injustice" standard under <u>Rule</u> 3:21-1, but, as noted, it is unnecessary that we decide the issue because defendant's submissions failed to satisfy the standards under both <u>Rule</u> 3:9-3(e) and <u>Rule</u> 3:21-1.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3726-20