**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0274-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KELLYANN HOUGHTALING,

    Defendant-Appellant.

_____

Submitted November 28, 2023 – Decided April 10, 2024

Before Judges Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Accusation No. 22-04-0327.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kellyanne Houghtaling appeals her denial of admission into the pretrial intervention (PTI) program.[1]  We affirm for the reasons that follow.

I.

On March 21, 2021, New Jersey State Police responded to a 911 hang-up at Interchange 10 on the New Jersey Turnpike.  Responding officers found a car stopped on the shoulder.  The car was occupied by defendant and a passenger with whom defendant had a physical altercation.  When officers asked defendant if she possessed any weapons, defendant stated there were two guns in the car.  She advised officers she had a Pennsylvania concealed carry permit.  Officers then searched the car and found:  a handgun under the driver's seat; two ten-round magazines, one under the driver's seat, one in a range bag in the trunk; and three boxes of ammunition.  The officers confirmed defendant's Pennsylvania permit was valid and administered a field sobriety test which indicated defendant was impaired.  The officers then arrested defendant and

_____

[1] "PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'"  State v. Roseman, 221 N.J. 611, 621 (2015).  The "primary goal" of PTI is the "rehabilitation of a person accused of a criminal offense."  State v. Bell, 217 N.J. 336, 346 (2014).  "It is designed 'to assist in the rehabilitation of worthy defendants, and, in the process, to spare them the rigors of the criminal justice system.'"  State v. Randall, 414 N.J. Super. 414, 419 (App. Div. 2010).

charged her with: second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); driving while intoxicated (DWI), N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; and simple assault on her passenger, N.J.S.A. 2C:12-1(a)(1).

Defendant applied for admission into PTI. A probation officer reviewed defendant's application and recommended enrollment. The Middlesex County Prosecutor's Office refused consent to PTI, stating their reasons for denial in writing. Defendant moved to compel her admission into PTI before the trial court.

After reciting the applicable law, the court stated:

> The [c]ourt considers the following favorable factors in its overall analysis. The defendant is [twenty-seven] years old and has no prior criminal convictions. Defendant's cooperation with the police during the incident, and the fact the defendant was driving through the State of New Jersey and had no intention of breaking the law in New Jersey. In addition to the other six mitigating factors, the [court] finds the [State] considered the nature and circumstances of the incident in making its decision. The defendant's ignorance of the law does not take away from the gravity of a gun offense. Here, the defendant was charged with unlawful possession of a weapon in the second degree in violation of N.J.S.A. 2C:39-5(b)(1) and simple assault, in violation of N.J.S.A. 2C:12-1(a)(1). She was also cited for reckless driving and operating under the influence of alcohol. The defendant's actions posed serious, potential injurious consequences and the

[c]ourt has a great interest in protecting society from dangerous behavior like in this case. Thus, the State accurately analyzed N.J.S.A. 2C:43-12(e) and the defendant's motion is therefore, denied.

After the trial court denied her motion, defendant pled guilty to the weapons charge. During her allocution she admitted that her blood alcohol level was .09 when she was pulled over by the police.[2] A different judge sentenced her to a two-year term of probation on the weapons charge. On appeal, defendant argues:

> THE PROSECUTOR'S DENIAL OF PTI WAS A PATENT AND GROSS ABUSE OF DISCRETION; ACCORDINGLY, THE MATTER SHOULD BE REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS TO ADMIT DEFENDANT INTO PTI OVER THE PROSECUTOR'S OBJECTION.

II.

Our review of an appeal from a denial of PTI is "severely limited." State v. Negran, 178 N.J. 73, 82, (2003). If a prosecutor's PTI decision shows

---

[2] Defendant pled guilty to DWI in a separate proceeding prior to her allocution on the weapons charge. She was sentenced to pay statutory fines and penalties and she was required to install an ignition interlock for a period of three months. As a Pennsylvania resident with a Pennsylvania driver's license, her New Jersey DWI conviction guilty plea was referred to the Commonwealth of Pennsylvania for administrative disposition of her license, the status of which is not relevant here. Pursuant to the terms of the negotiated plea agreement, the court granted the State's application to dismiss defendant's simple assault and reckless driving charges at sentencing.

consideration of all appropriate factors, it will not be disturbed, absent a showing that it was a patent and gross abuse of discretion. State v. K.S., 220 N.J. 190, 200 (2015). When reviewing a denial of PTI, a court "cannot substitute its own judgment for that of the prosecutor." State v. Hoffman, 399 N.J. Super. 207, 216 (App. Div. 2008).

We consider certain well-settled principles as we address defendant's claims on appeal. The decision by a prosecutor to permit diversion to PTI is "essentially an extension of the charging decision." State v. Johnson, 238 N.J. 119, 128 (2019). Such a decision is a "quintessentially prosecutorial function." Ibid. Prosecutors must "make an individualized assessment of the defendant" even where a statutory presumption against PTI exists, as "[e]ligibility for PTI is broad enough to include all defendants who demonstrate sufficient effort to effect necessary behavioral change and show that future criminal behavior will not occur." Roseman, 221 N.J. at 622. If a prosecutor rejects a PTI application, "then a written statement of reasons must be provided." State v. Caliguiri, 158 N.J. 28, 36 (1999). This statement must include an adequate explanation by the State as to how it addressed each of the statutory factors, State v. E.R., 471 N.J. Super. 234, 248 (App. Div. 2022), and cannot merely parrot statutory language or present bare assertions, Roseman, 221 N.J. at 627.

A "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his [or her] admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008). A defendant rejected from PTI must clearly and convincingly establish the prosecutor's refusal to sanction admission into a PTI program was based on a patent and gross abuse of discretion. K.S., 220 N.J. at 200. "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention.'" Watkins, 193 N.J. at 520 (quoting State v. Wallace, 146 N.J. 576, 583 (1996)). "The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." State v. Nwobu, 139 N.J. 236, 254 (1995).

III.

Defendant's probation officer found she was a suitable candidate for PTI, even though she was charged with a second-degree Graves Act offense, unlawful possession of a weapon. The probation officer found defendant did not appear to have any intention to use the weapons seized, and that defendant's Pennsylvania firearms licenses were valid and in good standing at the time of the offense. The probation officer recommended PTI for several reasons, among

6

them: this was defendant's first offense; she had no history of violence; defendant had maintained verifiable employment; she acknowledged the seriousness of her charges; and PTI would be a sufficient deterrent from future criminal activity. The probation officer also recommended that defendant undergo a mental health evaluation and counseling based on an indication of trauma which defendant reported experiencing during childhood.

The prosecutor rejected the probation officer's recommendations, and denied defendant's admission to PTI in a detailed and thorough letter which supported the decision. We affirm for reasons set forth in the trial court's order and oral statement of reasons, as well as the prosecutor's written consideration of the seventeen statutory factors identified in N.J.S.A. 2C:43-12(e). Defendant did not show by clear and convincing evidence a patent and gross abuse of discretion by the prosecutor, and hence we discern no reason to disturb the trial court's order. K.S., 220 N.J. at 200.

We add the following brief comments. The Attorney General's Law Enforcement Directive No. 2014, entitled, Clarification of "Graves Act" 2008 Directive With Respect to Offenses Committed by Out-of-State Visitors From States Where Their Gun Possession Conduct Would Have Been Lawful (Sept.

24, 2014) (2014 Clarification), identifies a weapons possession fact pattern which the Attorney General considers "outside the heartland of the Graves Act."

Citing the Clarification our Supreme Court noted a "sentence of non-custodial probation or [PTI] would be appropriate when 'a resident of another state brings a firearm that had been acquired lawfully and that could be carried lawfully by that visitor in [their] home jurisdiction.'" State v. Nance, 228 N.J. 378, 390 n.2 (2017) (quoting 2014 Clarification at 1). We briefly consider whether the prosecutor engaged in a patent and gross abuse of discretion by not applying the Clarification exception here.

When considering factors that apply to PTI determinations involving Graves Act cases, prosecutors should "when applicable and feasible[,] consider 'special facts.'" 2014 Clarification at 5. Such facts include whether:

> (a) the manner and circumstances of the gun possession minimized the exposure of the firearm to others in this State, thereby reducing the risk of harm;
>
> (b) the gun-possession offense was isolated and aberrational;
>
> (c) the defendant on his own initiative advised the police that a gun was present;
>
> (d) the defendant surrendered an unloaded gun for safe-keeping; and

A-0274-22

(e) whether there are circumstances concerning
confusion of New Jersey and other state law.

The record shows the prosecutor considered special facts in the record and found 2014 Clarification factors (a) and (b) weighed against defendant's admission to PTI. The prosecutor pointed out that defendant had an unsecured handgun and ammunition with her in the front passenger compartment, not the trunk of the car, when she was pulled over. The prosecutor also noted the other serious charges which arose from the traffic stop besides the weapons offense, namely reckless driving, DWI, and simple assault on her passenger. Because defendant resided in Pennsylvania, had a valid gun license in that state, drove through New Jersey with her firearm, she argues her gun charge fell outside the Graves Act "heartland," and made her eligible for PTI under the 2014 Clarification. Given the balance of the record, however, defendant failed to show by clear and convincing evidence that the prosecutor committed a patent and gross abuse of discretion in rejecting her PTI application under the 2014 Clarification.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0274-22