**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2920-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GEORGE J. PIECH, a/k/a
GEORGE J. JR., GEORGE J.
PIECH, JR., GEORGE J.
PIECHJR,

    Defendant-Appellant.

_____

Submitted June 5, 2024 – Decided August 5, 2024

Before Judges Currier and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 21-09-1019.

Evan F. Nappen, Attorney at Law, PC, attorneys for appellant (Ali Homayouni, of counsel and on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the trial court's April 25, 2022 order affirming the State's denial of defendant's application for pre-trial intervention (PTI). Because the State did not conduct the required analysis of the statutory factors under N.J.S.A. 2C:43-12(e), we vacate and remand for the State to provide a compliant statement of reasons for its denial of the application.

I.

Defendant was charged in an indictment with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(2); and fourth-degree prohibited weapons and devices, N.J.S.A. 2C:39-3(j). The charges arose after police observed a loaded shotgun and handgun during a traffic stop. Defendant was also charged with several motor vehicle offenses, including driving while intoxicated, N.J.S.A. 39:4-50.[1]

In December 2021, defendant applied for entry into PTI. After providing some personal background including that he was a retired State corrections officer, defendant asserted that the transport of guns between his home and business "for protective purposes" was not the type of offense contemplated by

---

[1] We do not know the disposition of those charges.

A-2920-22

the Graves Act, N.J.S.A. 2C:43-6(c), as ineligible for PTI. He contended that "a full and complete review and consideration of all relevant factors set forth in the PTI Guidelines and in N.J.S.A. 2C:43-12" would establish "compelling case-specific reasons to overcome the presumption against admission."

The State responded in February 2022, sending defendant a four-paragraph letter denying his PTI application. The State advised that defendant had not established compelling reasons to override the presumption against his eligibility. The prosecutor stated,

> Specifically, defendant is a New Jersey resident who does not have a permit to carry a firearm and possessed a loaded handgun in the passenger compartment of his vehicle while he was operating his vehicle in a state of intoxication. Defendant was rude and uncooperative with the officers on scene.
>
> . . . A review of the [Graves Act Directive and] the Clarification memorandum's factors for consideration reflects that the facts of the case and defendant, as an individual, do not satisfy any of them.

The prosecutor also noted that defendant had an additional charge. Since that charge was subsequently dismissed and expunged, we will not refer to it here. The State advised the dismissal of the charge did not change its decision denying defendant entry into PTI. The prosecutor concluded,

> I have also thoroughly considered the criteria for entrance into the [PTI] Program as delineated in

A-2920-22

N.J.S.A. 2C:43-12 and Rule 3:28-1 et seq. The fact that any factor is not mentioned does not mean that it was not considered. All relevant factors pertaining to defendant's application were considered.

[(citations reformatted).]

Defendant appealed from the decision and the Law Division judge conducted a hearing. Following the close of argument, the court stated: "I certainly don't find any evidence that the State did not review relevant factors. They seem to be well acquainted with the circumstances in the case, the underlying issues if you will and arrived at its decision that PTI would not be appropriate under these circumstances." Due to the "very high, high standard," the court stated it could not find a "patent and gross abuse of discretion." The application for entry into PTI was denied in a memorializing order on April 25, 2022.

Thereafter, defendant pleaded guilty to the second-degree charge of unlawful possession of a weapon. He was sentenced to two years non-custodial probation.

II.

On appeal, defendant presents the following points for our consideration:

Point I
THE TRIAL COURT ERRED IN HOLDING THAT THE STATE DID NOT ABUSE ITS DISCRETION

4

A-2920-22

WHEN IT REJECTED [DEFENDANT'S] PTI APPLICATION AS THE REJECTION WAS A CATEGORIAL DENIAL WITHOUT ANY ADEQUATE EXPLANATION AS TO HOW THE RELEVANT PTI FACTORS WERE WEIGHED, IF AT ALL[.]

Point II
THIS COURT SHOULD REMAND [DEFENDANT'S] PTI REJECTION BACK TO THE TRIAL COURT WITH INSTRUCTIONS THAT THE STATE RECONSIDER ITS INITIAL REJECTION[.]

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Roseman, 221 N.J. 611, 621 (2015) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). "[T]he primary goal of" PTI is the "rehabilitation of a person accused of a criminal offense." State v. Bell, 217 N.J. 336, 346 (2014). "It is designed 'to assist in the rehabilitation of worthy defendants, and, in the process, to spare them the rigors of the criminal justice system.'" State v. Randall, 414 N.J. Super. 414, 419 (App. Div. 2010) (quoting State v. Watkins, 193 N.J. 507, 513 (2008)).

A "prosecutor's decision to accept or reject a defendant's PTI application is entitled to a great deal of deference." Roseman, 221 N.J. at 624. "[T]o overturn a prosecutor's decision to exclude a defendant from the program, the defendant must 'clearly and convincingly' show that the decision was a 'patent

A-2920-22

and gross abuse of . . . discretion.'" State v. K.S., 220 N.J. 190, 200 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

"A prosecutor's decision to deny a defendant's PTI application is a 'patent and gross abuse of discretion' if the prosecutor's decision 'failed to consider all relevant factors, was based on irrelevant or inappropriate factors, or constituted a "clear error in judgment."'" Roseman, 221 N.J. at 627 (quoting Nwobu, 139 N.J. at 247).

"[T]he prosecutor has great discretion in selecting whom to prosecute and whom to divert to . . . PTI." Wallace, 146 N.J. at 582. However, a prosecutor's "assessment of a defendant's suitability for PTI must be conducted under the [g]uidelines for PTI provided in Rule 3:28, along with consideration of factors listed in N.J.S.A. 2C:43-12(e)." Roseman, 221 N.J. at 621 (citations reformatted). "Additionally, a PTI determination requires that the prosecutor make an individualized assessment of the defendant considering [their] '"amenability to correction" and potential "responsiveness to rehabilitation."'" Id. at 621-22 (quoting Watkins, 193 N.J. at 520).

Under N.J.S.A. 2C:43-12(f),

> Each applicant for supervisory treatment shall be entitled to full and fair consideration of his application. If an application is denied, the program director or the prosecutor shall precisely state [their] findings and

6

conclusion which shall include the facts upon which the application is based and the reasons offered for the denial.

We acknowledge that under Rule 3:28-1(d), there is a statutory presumption against accepting individuals with second-degree offenses into PTI. Roseman, 221 N.J. at 622. To overcome this presumption, "there must be 'truly extraordinary and unanticipated circumstances.'" Id. at 623 (quoting Nwobu, 139 N.J. at 252). Nevertheless, it "is a fact-sensitive analysis." Id. at 624.

In the 2014 Graves Act Clarification memorandum, the Attorney General stated that despite the ineligibility presumption for a second-degree gun offense from PTI, a prosecutor could not "'categorically'. . . deny a defendant's PTI application." Off. of the Att'y Gen., Clarification of "Graves Act" 2008 Directive with Respect to Offenses Committed by Out-of-State Visitors From States Where Their Gun-Possession Conduct Would Have Been Lawful 5 (2014). "Rather, prosecutors are required on a case-by-case basis to consider all of the relevant factors in the PTI Guidelines and in N.J.S.A. 2C:43-12 to determine whether compelling case-specific reasons overcome the presumption against admission." Ibid. (citation reformatted).

A-2920-22

In Nwobu, the Supreme Court "emphasized the importance of a statement of reasons accompanying any PTI decision by a judge, prosecutor, or program administrator." 139 N.J. at 248-49. The "statement serves four purposes: (1) It facilitates effective judicial review; (2) it assists in evaluating the success of the PTI program; (3) it affords the defendant the opportunity to prepare a response; and (4) it dispels suspicions of arbitrariness." Id. at 249.

The Court cautioned that,

> The statement of reasons may not simply "parrot" the language of relevant statutes, rules, and guidelines. State v. Sutton, 80 N.J. 110, 117 (1979). At a minimum, the prosecutor "should note the factors present in defendant's background or the offense purportedly committed which led [the prosecutor] to conclude that admission should be denied." Ibid. Additionally, the statement of reasons must not be vague. Rather, the prosecutor's reasons for rejection of the PTI application must be stated with "sufficient specificity so that defendant has a meaningful opportunity to demonstrate that they are unfounded."
>
> [Ibid. (alteration in original) (citations reformatted) (quoting State v. Maddocks, 80 N.J. 98, 109 (1979)).]

In State v. E.R., we stated that the presumption against certain offenses— which includes second-degree gun offenses—"is 'not a mandate . . . [but] "only a vehicle to elaborate upon [the] statutory criteria[,]" while still vesting ultimate decision[-]making authority in the prosecutor.'" 471 N.J. Super. 234, 247 (App.

Div. 2022) (alterations in original) (quoting State v. Lee, 437 N.J. Super. 555, 564 (App. Div. 2014)).  The prosecutor's denial of entry into PTI must still be "premised upon a consideration of all relevant factors."  Id. at 245 (quoting Lee, 437 N.J. Super. at 563).  Without such an assessment, a "defendant [i]s deprived of the comprehensive individual assessment to which [they are] entitled from the State when it evaluate[s] [their] suitability for PTI supervision."  Id. at 247-48.

Here, the State contends that under Wallace, 146 N.J. at 584, and Bender, 80 N.J. at 94, there is a presumption that the prosecutor has considered all of the factors in the absence of defendant proving otherwise.  If that statement was deemed sufficient for a prosecutor to say, there would be no need for the extensive list of seventeen factors articulated under N.J.S.A. 2C:43-12(e).  And, as here, where none of the factors are even mentioned, a defendant could not demonstrate the factors were not considered.

There are two burdens at play here.  The requirement of a prosecutor to show their work in arriving at their conclusions is separate from the defendant's burden to prove the prosecutor's decision was an abuse of discretion.  The State did not meet its burden.

The Wallace Court expressly stated there is a "requirement that the prosecutor put [their] thought process on paper[, which] tends to protect against the consideration of inappropriate factors and promotes reasoned decision-making." 146 N.J. at 584. Therefore, the presumption in favor of the prosecutor comes into play when reviewing their analysis—the presumption does not replace the requirement that they conduct an analysis of the facts against the statutory factors and show their work in the first place.

Here, the prosecutor provided a four-paragraph letter that lacked any individualized analysis of the statutory factors and consisted only of conclusory statements. This is precisely the kind of mere "parroting" that is deemed to be insufficient under Roseman, Nwobu, Sutton, and E.R. Not a single statutory factor was mentioned.

The perfunctory boilerplate statement of reasons the prosecutor offered in this case does little more than repeat the presumption against PTI and thus fails to satisfy a principal reason for requiring a statement of reasons, which is to ensure that an individualized assessment of all relevant factors was considered. Without any analysis of the statutory factors, the defendant cannot prepare a response and judicial review of the conclusion cannot be effectuated. See Nwobu, 139 N.J. at 249.

Courts grant a prosecutor's decision regarding entry into a PTI program "great discretion" only where the prosecutor has considered the application under the Rule 3:28 guidelines and the N.J.S.A. 2C:43-12(e) factors. See Wallace, 146 N.J. at 582-83; Roseman, 221 N.J. at 621-22. In failing to undertake these duties here, the State is not entitled to that deference.

Therefore, we vacate the April 25, 2022 order and remand for the State to undertake the required analysis of the statutory factors and provide a statement of reasons supporting its conclusion as to defendant's application for entry into PTI. See Wallace, 146 N.J. at 583 ("A remand might serve a useful purpose . . . where it has been clearly and convincingly shown by a defendant that the prosecutor failed to consider all relevant factors."). We offer no opinion on whether the circumstances warrant overcoming the presumption against PTI.

Vacated and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2920-22