**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2427-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NASIR M. TRAVIS,

    Defendant-Appellant.

_____

Submitted May 28, 2025 – Decided July 31, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 20-02-0348.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Nadine Kronis, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Nasir M. Travis appeals the May 17, 2023 Law Division order denying his application for admission to pretrial intervention (PTI) over the prosecutor's objection. After reviewing the record in light of the parties' arguments and governing legal principles, we affirm.

We discern the following pertinent facts[1] and procedural history from the record. On October 20, 2019, at around 8:00 a.m., defendant entered a stranger's residence and bedroom, and asked for "Tiny." The seventy-one-year old victim yelled for help. The victim's son and nephew responded to her screams, and pushed defendant down the stairs. Defendant fled from the house while the victim's son and nephew followed him by car.

Defendant proceeded to a nearby laundromat and accosted a twenty-six-year old victim as she was entering her parked car. Defendant grabbed the second victim's waist. She screamed and asked, "[w]hat are you doing? My husband is inside the laundromat." Defendant responded, "I just wanted to have sex" and then attempted to push her into her car. The first victim's son and nephew intervened and restrained defendant until police arrived.

---

[1] We recount the facts as alleged at the time the prosecutor considered defendant's application for PTI. Defendant was charged with trespass and attempted criminal sexual contact. We note that defendant has since pled guilty to criminal trespass. He was not convicted of attempted criminal sexual contact.

A-2427-23

Defendant was diagnosed with schizophrenia and bipolar disorder. While answering questions for the post-arrest suicide evaluation questionnaire, defendant told police that he wanted to harm himself or commit suicide. He was taken to the Crisis Facility at University Hospital where he remained for several weeks. After the hospitalization, he was taken to the Essex County jail where he remained for sixteen weeks before being released pretrial.

On February 7, 2020, defendant was charged by indictment with fourth-degree attempted criminal sexual contact, N.J.S.A. 2C:5-1a(3) and N.J.S.A. 2C:14-3b, and fourth-degree criminal trespass, N.J.S.A. 2C:18-3a.

On October 27, 2021, defendant applied for PTI. On December 27, his defense attorney went on scheduled leave. On January 4, 2022, the assistant prosecutor rejected defendant's PTI application. In a nine-page denial letter, the assistant prosecutor found PTI aggravating factors one, two, seven, nine, ten, fourteen, and seventeen. The assistant prosecutor also found mitigating factors three, twelve, thirteen, and sixteen. The assistant prosecutor expressly addressed defendant's mental health, stating: "Defendant has been diagnosed with both schizophrenia and bi[]polar disorder and has received ongoing treatment for his mental health issues, beginning at age eighteen through the

present time . . . . Defendant admits to taking medication for his mental health twice per day." The assistant prosecutor commented,

> [d]efendant's violent, sexually based criminal behavior may stem at least partially from his mental issues, although there is no indication of a clear nexus between his mental disorder and his conduct in the case at bar. Mentally ill persons can also be criminals in their own right, and thus mental illness on its own is not a compelling reason justifying admission into PTI. Additionally, it must be noted that nothing about his PTI denial prevents . . . defendant from arguing a mental health defense at trial.
>
> Unfortunately, . . . defendant's mental illness also renders him a poor candidate for the PTI Program. Defendant needs various ongoing mental health treatment services and daily psychotropic medication. Given his behavior, and his poor mental health, defendant simply has not and cannot establish that he could be rehabilitated through a short term minimally supervised PTI Program. See State v. Von Smith[,] 177 N.J. Super. 203 (App. Div. 1980). Admission into a PTI Program is simply inappropriate under the circumstances.

She added,

> [i]n the case at bar, defendant terrorized two random women. The first victim, a seventy-one year old woman, woke to find defendant, a stranger, standing in her bedroom. The woman screamed even while defendant held his hand over her mouth. Her screams alerted her family members, only to run off and attempt a sexual assault on a second victim only minutes later. Defendant grabbed the second woman in broad daylight on a public street as she exited a local laundromat. He

4

repeatedly told her that he wanted to have sex with her. He grabbed her and tried to force her into her car. Thankfully, defendant was once again foiled by [the first victim]'s kin who had pursued defendant after he fled from their home just minutes earlier. Defendant's actions confirm that he is not an appropriate candidate for the PTI Program.

In October 2022, defendant applied for the Essex County Mental Health Diversion Initiative program. In February 2023, he withdrew that application when defense counsel learned she needed to file for PTI reconsideration first to create a complete record.

On February 28, 2023, defendant applied for PTI reconsideration. The assistant prosecutor affirmed her denial in a nine-page response dated March 28, 2023. The assistant prosecutor addressed defendant's assertion that she had ignored State v. E.R.[2], stating:

> The State did consider defendant's mental health. It was listed in mitigation in [f]actor [three]. Separately, the State also contemplated that defendant's erratic, and unjustifiable behavior under the circumstances tend[s] to suggest that he is a dangerous and uncontrollable individual who poses a threat to others, especially women. The State offered that defendant's admitted mental health issues may only compound the problem.

---

[2] 471 N.J. Super. 234 (App. Div. 2022).

She continued that <u>E.R.</u> "is easily distinguishable."  Mainly, the assistant prosecutor noted that E.R. was "noncompliant with her mental health prescribed medication" at the time of the offenses, but defendant in this case was taking his medications at the time of the pending offenses.

On April 7, 2023, defendant filed a motion for admission into PTI over the State's objection.  The trial court denied the motion on May 17, issuing a twenty-three-page opinion.  The court found that defendant's motion was time-barred but nonetheless proceeded to address defendant's arguments on the merits.  The court considered the PTI factors set forth in N.J.S.A. 2C:43-12(e) and determined that "given the thoughtful application of the various statutory aggravating and mitigating factors, the State's decision was not unreasonable."

On June 23, 2023, defendant pled guilty to fourth-degree criminal trespass and was sentenced to two years of probation.  Defendant raises the following contentions for our consideration:

> POINT I
>
> THE PROSECUTOR'S REJECTION OF [DEFENDANT]'S ADMISSION INTO THE [PTI] PROGRAM RELIED ON AN INCORRECT FINDING THAT [DEFENDANT] WAS PRESUMPTIVELY INELIGIBLE FOR ADMISSION AND WAS AN ARBITRARY, PATENT, AND GROSS ABUSE OF DISCRETION WHICH MUST BE CORRECTED BY THIS COURT.

A-2427-23

A. A remand is required because the State incorrectly applied the statutory presumption against admission into PTI for violent offenders to [defendant].

B. The prosecutor's denial of [defendant]'s PTI application was a patent and gross abuse of discretion where the prosecutor weighed [defendant]'s compliance with mental health treatment against his admission to PTI, and failed to explain why the necessary level of supervision and services could not be afforded to [defendant] through PTI.

POINT II

THE TRIAL COURT ERRED IN RULING THAT [DEFENDANT]'S MOTION FOR ADMISSION INTO THE [PTI] PROGRAM OVER THE PROSECUTOR'S OBJECTION WAS TIME-BARRED.

I.

We begin our analysis by acknowledging the governing legal principles. "PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Johnson, 238 N.J. 119, 127 (2019) (quoting State v. Roseman, 221 N.J. 611, 621 (2015)). The "primary goal" of PTI is the "rehabilitation of a person accused of a criminal offense." State v. Bell, 217 N.J. 336, 346 (2014). "It is designed 'to assist in the rehabilitation of

worthy defendants, and, in the process, to spare them the rigors of the criminal justice system.'" State v. Randall, 414 N.J. Super. 414, 419 (App. Div. 2010) (quoting State v. Watkins, 193 N.J. 507, 513 (2008)).

In determining whether a defendant should be diverted into PTI, a prosecutor must make an "individualized assessment of the defendant." Roseman, 221 N.J. at 621-22. The New Jersey Supreme Court has consistently rejected categorical prohibitions against admission to PTI based on the offense charged. See State v. Caliguri, 158 N.J. 28, 39 (1999); State v. Baynes, 148 N.J. 434, 445 (1997). Thus, "PTI decisions are 'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on [their] amenability to rehabilitation." State v. Nwobu, 139 N.J. 236, 255 (1994) (quoting State v. Sutton, 80 N.J. 110, 119 (1979)).

When making that individualized assessment, prosecutors are required to consider a non-exhaustive list of factors enumerated in N.J.S.A. 2C:43-12(e):

> (1) [t]he nature of the offense; (2) [t]he facts of the case; (3) [t]he motivation and age of the defendant; (4) [t]he desire of the complainant or victim to forego prosecution; (5) [t]he existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment; (6)

[t]he likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through [their] participation in supervisory treatment; (7) [t]he needs and interests of the victim and society; (8) [t]he extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior; (9) [t]he applicant's record of criminal and penal violations and the extent to which [they] may present a substantial danger to others; (10) [w]hether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior; (11) [c]onsideration of whether or not prosecution would exacerbate the social problem that led to the applicant's criminal act; (12) [t]he history of the use of physical violence toward others; (13) [a]ny involvement of the applicant with organized crime; (14) [w]hether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution; (15) [w]hether or not the applicant's involvement with other people in the crime charged or in other crime is such that the interest of the State would be best served by processing [their] case through traditional criminal justice system procedures; (16) [w]hether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants; and (17) [w]hether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

Our Supreme Court has stressed that PTI decisions are a "quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996). Accordingly, judicial review of a prosecutor's denial of a PTI application is

9

"severely limited" and "serves to check only the 'most egregious examples of injustice and unfairness.'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). A reviewing court may overturn a prosecutor's rejection of a PTI application only when a defendant "'clearly and convincingly establish[es]' that the decision rejecting [their] application was 'a patent and gross abuse of discretion.'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting Watkins, 193 N.J. at 520). A patent and gross abuse of discretion occurs when "the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment.'" Ibid. (quoting State v. Bender, 80 N.J. 84, 93 (1979)).

II.

We first address defendant's contention that the trial court erroneously determined that his motion to compel entry into the PTI Program was time-barred by Rule 3:28. He contends that the COVID-19 pandemic and his defense attorney's leave prevented him from complying with the ten-day deadline to appeal the denial, amounting to good cause per Rule 1:1-2 to relax the Rule 2:38-6(a) time limit.

Rule 3:28-6(a) provides, in part:

A defendant challenging the decision . . . of a prosecutor's refusing to consent to the defendant's enrollment into the pretrial intervention program, shall file a motion with the Presiding Judge of the Criminal Division, or the judge to whom the case has been assigned, <u>within ten days after receipt of the rejection</u> and, if prepared, of the Criminal Division Manager's report.

[(Emphasis added).]

<u>Rule</u> 1:1-2 states, in part:

Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice.

In this case, defendant applied for PTI admission on October 27, 2021. As noted, defendant's attorney went on scheduled leave on December 27. On January 4, 2022, the assistant prosecutor rejected his PTI application. The record shows that he was not provided with a substitute attorney during the <u>Rule</u> 3:28-6 ten-day window to file the motion.

However, we need not decide on these distinctive facts whether defendant established good cause to excuse the untimely filing because the trial court did not base its decision entirely on the State's timeliness argument. Rather, the trial court considered the N.J.S.A. 2C:43-12(e) factors and determined that "given the thoughtful application of the various statutory aggravating and mitigating factors, the State's decision was not unreasonable." In essence, the court

11

disregarded the time bar and addressed defendant's contentions on the merits. We do as well.

## III.

We next turn to defendant's contention that the assistant prosecutor failed to consider all relevant factors, relied on irrelevant facts, and "neglected to explain how the level of supervision and the kinds of services that [defendant] would receive on PTI differed significantly from those he would receive on probation" as required by E.R., 471 N.J. Super. 234. We are unpersuaded.

In E.R., we considered whether the prosecutor properly considered all relevant factors relating to E.R.'s mental health. Ibid. E.R. was diagnosed with "schizoaffective disorder, bipolar type" but was not taking her prescribed medication when she allegedly committed third-degree aggravated assault. Id. at 238. The assistant prosecutor denied her PTI application, finding the "minimal level of supervision and requirements of the PTI program . . . is not adequate to supervise [E.R.] based upon her needs and issues." Id. at 242. The trial judge agreed with the assistant prosecutor. Id. at 243. We vacated and remanded the matter, concluding the prosecutor "did not explain why the supervisory services offered through probation were unavailable to [E.R.] if she was admitted into PTI." Id. at 247.

A-2427-23

We conclude the present facts are distinguishable from those in E.R. As we have noted, E.R. was not taking her prescribed medication when she allegedly committed the offenses. In the present matter, the assistant prosecutor considered that defendant had taken his prescribed mental health medications. We are satisfied that the assistant prosecutor adequately considered defendant's schizophrenia and bipolar disorder diagnoses. She also considered defendant's treatment plan and his suitability to respond to rehabilitation while subject to PTI supervision. We see no abuse of prosecutorial discretion, mindful that our review of a prosecutor's denial of a PTI application is "severely limited" and "serves to check only the 'most egregious examples of injustice and unfairness.'" Negran, 178 N.J. at 82 (quoting Leonardis, 73 N.J. at 384).

IV.

Nor are we persuaded by defendant's contention that a remand is required because the State erroneously applied a presumption against PTI admission reserved for violent offenders. Specifically, defendant contends he was not a violent offender because he was not acting deliberately by reason of his mental illness.

Rule 3:28-4 augments the factors spelled out in N.J.S.A. 2C:43-12(e), providing additional factors that prosecutors must consider when reviewing PTI applications. The Rule provides in pertinent part:

> In addition thereto, the following factors shall also be considered together with other relevant circumstances:
>
> (1) The nature of the offense should be considered in reviewing the application. If the crime was . . . (iii) deliberately committed with violence or threat of violence against another person; or (iv) a breach of the public trust where admission to a PTI [P]rogram would deprecate the seriousness of defendant's crime, the defendant's application should generally be rejected.
>
> [R. 3:28-4(b).]

N.J.S.A. 2C:43-12b(2)(b) provides that "[t]here shall be a presumption against admission into a program of supervisory treatment for: . . . a defendant charged with any crime or offense . . . if the crime or offense charged involved violence or the threat of violence." A crime involves violence or the threat of violence if the defendant "threatens to inflict serious or significant bodily injury." Ibid. We have held that the "presumption is 'not a mandate . . . [but] "only a vehicle to elaborate upon [the] statutory criteria" while still vesting ultimate decision[-]making authority in the prosecutor.'" E.R., 471 N.J. Super. at 247 (omission in original) (alterations in original) (citing State v. Lee, 437 N.J. Super. at 555, 564 (App. Div. 2014)).

14

As we have noted, the assistant prosecutor explained in her denial letter that defendant "terrorized two random women[,]" holding his hand over one victim's mouth to stifle her screams and physically grabbing the second victim while telling her repeatedly that he wanted to have sex with her. We conclude that the assistant prosecutor properly considered whether defendant had threatened to inflict serious bodily injury. We are unpersuaded, moreover, by defendant's argument that his actions were not "deliberate" given his mental health concerns. The assistant prosecutor acknowledged defendant's schizophrenia and bipolar diagnoses. She also acknowledged that defendant was following his twice-daily prescription medication regimen at the time of the alleged offenses. In sum, we see no abuse of prosecutorial discretion warranting appellate intervention.

Finally, we conclude that defendant's reliance on State v. Rizzitello, 447 N.J. Super. 301 (App. Div. 2016), is misplaced. Defendant cites Rizzitello for the proposition that the Legislature did not intend for lower-level offenses to carry a presumption against PTI admission. Rizzitello is readily distinguishable. Rizzitello was charged with fourth-degree operating a motor vehicle during the period of license suspension for a second or subsequent conviction for driving while intoxicated. Id. at 306. We view that offense to be markedly different

from fourth-degree attempted criminal sexual contact and fourth-degree criminal trespass. We do not read <u>Rizzitello</u> as establishing a blanket rule that all fourth-degree crimes are categorically excluded from the presumption against PTI admission. We reiterate and stress that N.J.S.A. 2C:43-12(b)(2)(b) includes threats to inflict serious or significant bodily injury. We see no abuse of prosecutorial discretion in concluding that that defendant's alleged conduct posed such threats to the victims.

To the extent we have not specifically addressed them, any remaining contentions raised by defendant lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2427-23